

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-23-2008

# USA v. Wiggins

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3068

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Wiggins" (2008). *2008 Decisions.* Paper 501.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/501

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3068
_____


UNITED STATES OF AMERICA

v.

DESHAWN WIGGINS,

Appellant


_____


On Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 06-cr-00357)
District Judge: The Honorable William J. Martini
_____


Submitted Under Third Circuit LAR 34.1(a)
September 9, 2008


BEFORE: SCIRICA, Chief Judge, SLOVITER, and NYGAARD, Circuit Judges.


Filed: September 23, 2008


_____


OPINION OF THE COURT
_____


NYGAARD, Circuit Judge.

Wiggins was convicted of one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922)(g)(1). After denying Wiggins' request for a variance, the District Court sentenced him to one hundred months' imprisonment. On appeal, Wiggins makes two principal claims. First, he argues that the District Court improperly questioned witnesses, thereby denying Wiggins a fair trial. Second, Wiggins argues that his sentence is unreasonable because the District Court did not consider his claim that he was entitled to a variance as a result of the conditions he endured during pre-trial confinement. Neither argument has merit and we will affirm the District Court's sentence.

We turn first to the District Court's questioning of witnesses. Federal Rule of Evidence 614(b) provides that the district court may interrogate witnesses. Inasmuch as a trial is a search for the truth and the court is more than a mere umpire of the proceedings, it is certainly within its province to question witnesses. *Riley v. Goodman*, 315 F.2d 232, 234 (3d Cir.1963) (citations omitted). However, as we have recognized, a judge must not "abandon his [or her] proper role and assume that of an advocate." *United States v. Green*, 544 F.2d 138, 147 (3d Cir.1976). A district court does have an obligation to interrupt the presentation of counsel in order to clarify misunderstandings or otherwise ensure the trial proceeds efficiently and fairly.

On appeal, Wiggins argues that in nine separate instances the District Court overstepped its bounds, thereby depriving him of a fair trial. With one exception,

2

Wiggins failed to object to the District Court's questioning during trial. A defendant must object at trial in order to preserve such an argument for appeal. If the defendant fails to object, the argument is waived except in the "limited exception" where the trial court's questions were so prejudicial as to deny the defendant a fair and impartial trial. Thus, we review the District Court's questioning for plain error. As to the one question to which the defendant did object, our review is for abuse of discretion. If we find that the District Court abused its discretion, we must then determine whether the questioning was harmless or prejudiced Wiggins' substantial rights.

We first address those questions where Wiggins failed to object. It is clear from the record that the judge was simply trying to help the jury and himself fully understand confusing testimony. Further, as the Government points out, many of the trial judge's questions assisted in clarifying the testimony of defense witnesses. Although there were numerous interruptions and questions by the trial court, our reading of the entire record convinces us that the court's interrogation was within the bounds of examination. We find no plain error in the trial judge's actions.

Wiggins did object to the District Court's inquiry of a Newark Police Department technician regarding latent fingerprints. Our review on appeal is deferential. The trial judge does not err unless her conduct was "inimical and partisan, clearly evident and prejudicial." *Riley,* 315 F.2d at 234-35.

3

Testifying as a defense witness, the police department technician indicated that he had dusted the weapon in question for fingerprints and found none. During direct testimony, Wiggins' lawyers asked the technician for an explanation of latent fingerprints. The District Court then asked the witness for clarification as to what a latent fingerprint is and how such prints are affected by environmental conditions. After the technician's testimony, Wiggins' counsel stated at a side-bar conference that the District Court's questioning seemed "helpful to the Government and not particularly helpful to the defense." The District Court noted that its questions were limited and necessary because the technician had been called by the defense as an expert witness, yet the defense failed to properly explain latent fingerprints to the jury. The record does not support any inference other than that the District Court interrogated the police technician on these points to clarify his testimony.

Finally, even were we to assume that the questions at issue were improper, any prejudice Wiggins might have suffered was cured by the District Court's instruction that the jury should neither infer anything from the questions of the court nor consider whether the court had an opinion about the case. Accordingly, the district court did not abuse its discretion in questioning witnesses during the course of the trial.

Wiggins next argues that the sentence he received was unreasonable. Wiggins spent fourteen months in the Passaic County jail while awaiting trial and sentencing. He maintains that the District Judge failed to adequately consider his argument that the

4

conditions at the Passaic County jail merited a variance from the advisory guidelines range.  Further, Wiggins argues that the District Court improperly applied a departure framework to his request for a variance.  We are not persuaded by either argument.

With respect to his request for a variance because of jail conditions, the record is clear that the District Judge considered Wiggins' request.  We find that the sentence imposed by the District Court was reasonable.  The record in this appeal indicates that the District Court reasonably considered and applied the Section 3553(a) factors in determining Wiggins' sentence, including his argument for a variance.  The sentence imposed was within the range suggested by the guidelines, notably at the low end of that scale.  Further, the District Court made adequate findings on the record, reflecting its meaningful consideration of the factors set out in 18 U.S.C. § 3553(a).

Having determined that the District Court gave "meaningful consideration" to the relevant factors, we find that the District Court did not abuse its discretion in applying them to Wiggins. *United States v. Schweitzer*, 454 F.3d 197, 204 (3d Cir.). The District Court's sentence was within the Guidelines range for the offense level, and the District Court clearly articulated its reasons for sentencing Wiggins. Accordingly, we will affirm.